THE HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,                )   No. CR21-5222 BHS
                                          )
                Plaintiff,                )   CODY BENSON'S PROPOSED JURY
                                          )   INSTRUCTIONS
        v.                                )
                                          )
CODY BENSON,                              )
                                          )
                Defendant.                )
                                          )

**Proposed Pre-trial Instructions**

**(Cited)**

DEFENDANT'S REQUESTED INSTRUCTION NO. 1

INSTRUCTION NO. _____

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Jury Instruction 1.1 (2022 Edition – Revised Dec. 2019)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1

2

DEFENDANT'S REQUESTED INSTRUCTION NO. 2

INSTRUCTION NO. _____

3

4

5

6

7

This is a criminal case brought by the United States government.  The government charges the Cody Benson with a violation of 18 U.S.C. § 1343, wire fraud. The charges against Ms. Benson are contained in the indictment.  The indictment simply describes the charges the government brings against Ms. Benson.  The indictment is not evidence and does not prove anything.

8

9

10

11

Ms. Benson has pleaded not guilty to the charges and is presumed innocent unless and until the government proves her guilty beyond a reasonable doubt.  In addition, she has the right to remain silent and never has to prove innocence or present any evidence.

12

13

14

In order to help you follow the evidence, I will now give you a review of the elements of the crime which the government must prove to make its case, as set forth in the following instruction:

15

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Jury Instruction – 1.2 (last paragraph modified) (2022 Edition - Revised September 2019)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 3

INSTRUCTION NO. _____

Cody Benson is charged in the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For her to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Ms. Benson knowingly devised a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence a person to part with money or property;

The term "money or property," used in elements one and two, does not include maintaining employment or a salary and related compensation for employment.

Third, Ms. Benson acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, Ms. Benson used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It must have been reasonably foreseeable to Ms. Benson that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Jury Instruction –15.35 (2022 Edition - Revised August 2023)
(modified); *Skilling v. United States*, 561 U.S. 358 (2010); *United States v. Yates*, 16
F.4th 256 (9th Cir. 2021).

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1    DEFENDANT'S REQUESTED INSTRUCTION NO. 4

2    INSTRUCTION NO. _____

3

4    I instruct you that you must presume Ms. Benson to be innocent of the crimes

5    charged.  Thus, although accused of crimes in the indictment, sje begins the trial with a

6    "clean slate" – with no evidence against her.  The indictment, as you already know, is

7    not evidence of any kind.  The law permits nothing but legal evidence presented before

8    the jury in court to be considered in support of any charge against Ms. Benson.  The

9    presumption of innocence alone, therefore, is sufficient to acquit her.

10   The burden is always upon the prosecution to prove guilt beyond all possible

11   doubt.  The test is one of reasonable doubt.  This burden never shifts to a defendant for

12   the law never imposes upon a defendant in a criminal case the burden or duty of calling

13   any witnesses or producing any evidence.  The defendant is not even obligated to

14   produce any evidence by cross-examining the witnesses for the government.

15   It is not required that the government prove guilt beyond all possible doubt.  The

16   test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and

17   common sense -- the kind of doubt that would make a reasonable person hesitate to act.

18   Proof beyond a reasonable doubt must, therefore, be proof of such a convincing

19   character that a reasonable person would not hesitate to rely and act upon it in the most

20   important of his or her own affairs.

21   Unless the government proves, beyond a reasonable doubt, that Ms. Benson has

22   committed each and every element of the offenses charged in the indictment, you must

23   find her not guilty of the offenses.  If the evidence in this case is susceptible of two

24   constructions or interpretations, each of which appears to you to be reasonable and one

25   of which points to the guilt of the defendant and the other to her innocence it is your

26

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 6

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1  duty under the law to adopt the interpretation which will admit of her innocence and
2  reject that which points to her guilt.

13  1 Kevin F. O'Malley, *et al.*, FEDERAL JURY PRACTICE AND INSTRUCTIONS §
14  12.10 (6th ed. 2008) (hesitate to act paragraph); *Ramirez v. Hatcher*, 136 F.3d 1209,
15  1213 (9th Cir.) ("[t]his circuit has endorsed a definition of reasonable doubt as the kind
16  of doubt that would cause a reasonable person to hesitate to act (citation omitted), and
   the Supreme Court has indicated that "the hesitate to act standard gives a common
17  sense benchmark for just how substantial [a reasonable] doubt must be'" (quoting
18  *Victor v. Nebraska*, 511 U.S. 1, 20-21 (1994)); *United States v. Velasquez*, 980 F.2d
   1275, 1278 (9th Cir. 1992) (noting that "some Ninth Circuit opinions have expressed a
19  preference for the 'hesitate to act' language," though failure to use it not "necessarily"
20  reversible error); *United States v. Nolasco*, 926 F.2d 869, 871 (9th Cir. 1991) ("We
   have generally warned against significant departure from the 'hesitate to act' language,
21  see *United States v. Robinson*, 546 F.2d 309, 313-14 (9th Cir.1976) , *cert. denied*, 430
   U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977), although we have upheld the use of
22  other definitions"); *Mullaney v. Wilbur*, 421 U.S. 684, 699-703 (1975) (burden cannot
23  shift); *In re Winship*, 397 U.S. 358, 365 (1970) (Government bears reasonable doubt
   burden) United *States v. Zumpano*, 436 F.2d 535, 538 (9th Cir. 1970) (instruction to
24  jury "If the evidence in this case is susceptible of two constructions or interpretations,
   each of which appears to you to be reasonable and one of which points to the guilt of
25  the defendant and the other to his innocence it is your duty under the law to adopt the
   interpretation which will admit of the defendant's innocence and reject that which
26  points to his guilt.").

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 7

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 5

INSTRUCTION NO. ____

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

Ninth Circuit Model Jury Instruction – 1.3 (2022 Edition - Revised September 2019)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 8

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 6

INSTRUCTION NO. _____

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Jury Instruction – 1.4  (2022 Edition - Revised September 2019)/

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 9

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1

2           DEFENDANT'S REQUESTED INSTRUCTION NO. 7

3                     INSTRUCTION NO. _____

4           There are rules of evidence that control what can be received in evidence.  When

5   a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side

6   thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I

7   overrule the objection, the question may be answered or the exhibit received.  If I

8   sustain the objection, the question cannot be answered, or the exhibit cannot be

9   received.  Whenever I sustain an objection to a question, you must ignore the question

10  and must not guess what the answer would have been.

11          Sometimes I may order that evidence be stricken from the record and that you

12  disregard or ignore the evidence.  That means that when you are deciding the case, you

13  must not consider the evidence that I told you to disregard.

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Jury Instruction – 1.6 (2022 Edition)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 10

DEFENDANT'S REQUESTED INSTRUCTION NO. 8

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Jury Instruction - 1.7 (2022 Edition - Revised September 2019)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 11

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 9

INSTRUCTION NO. _____

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 12

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1

2          Because you will receive all the evidence and legal instruction you properly

3    may consider to return a verdict:  do not read, watch, or listen to any news

4    or media accounts or commentary about the case or anything to do with it[,

5    although I have no information that there will be news reports about this

6    case]; do not do any research, such as consulting dictionaries, searching the

7    Internet or using other reference materials; and do not make any

8    investigation or in any other way try to learn about the case on your own.

9    Do not visit or view any place discussed in this case, and do not use the

10   Internet or any other resource to search for or view any place discussed

11   during the trial.  Also, do not do any research about this case, the law, or

12   the people involved—including the parties, the witnesses or the lawyers—

13   until you have been excused as jurors.  If you happen to read or hear

14   anything touching on this case in the media, turn away and report it to me

15   as soon as possible.

16          These rules protect each party's right to have this case decided only on evidence

17   that has been presented here in court.  Witnesses here in court take an oath to tell the

18   truth, and the accuracy of their testimony is tested through the trial process.  If you do

19   any research or investigation outside the courtroom, or gain any information through

20   improper communications, then your verdict may be influenced by inaccurate,

21   incomplete, or misleading information that has not been tested by the trial process.

22   Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the

23   case based on information not presented in court, you will have denied the parties a fair

24   trial.  Remember, you have taken an oath to follow the rules, and it is very important

25   that you follow these rules.

26

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 13

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1        A juror who violates these restrictions jeopardizes the fairness of these

2   proceedings [, and a mistrial could result that would require the entire trial process to

3   start over].  If any juror is exposed to any outside information, please notify the court

4   immediately.

26   Ninth Circuit Model Jury Instruction – 1.8 (2022 Edition - Revised December 2020)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 14

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 10

INSTRUCTION NO. _____

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Jury Instruction – 1.9 (2022 Edition - Revised September 2019)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 15

1

DEFENDANT'S REQUESTED INSTRUCTION NO. 11

2

INSTRUCTION NO. _____

3

If you wish, you may take notes to help you remember the evidence. If you do

4

take notes, please keep them to yourself until you and your fellow jurors go to the jury

5

room to decide the case. Do not let note-taking distract you from being attentive.

6

When you leave court for recesses, your notes should be left in the [courtroom] [jury

7

room] [envelope in the jury room]. No one will read your notes.

8

Whether or not you take notes, you should rely on your own memory of the

9

evidence. Notes are only to assist your memory. You should not be overly influenced

10

by your notes or those of your fellow jurors.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Jury Instruction – 1.10 (2022 Edition)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 16

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 12

INSTRUCTION NO. _____

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Jury Instruction – 1.16 (2022 Edition - Revised September 2019)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 17

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 13

INSTRUCTION NO. _____

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for Ms. Benson may cross-examine.  Then, if Ms. Benson chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Jury Instruction – 1.11 (2022 Edition)

CODY BENSON'S PROPOSED JURY INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 18

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

**Proposed Instructions at the close of trial**

1    DEFENDANT'S REQUESTED INSTRUCTION NO. 14

2    INSTRUCTION NO. _____

3    Members of the jury, now that you have heard all the evidence, it is my duty to

4    instruct you on the law that applies to this case.  A copy of these instructions will be

5    available in the jury room for you to consult.

6    It is your duty to weigh and to evaluate all the evidence received in the case and,

7    in that process, to decide the facts.  It is also your duty to apply the law as I give it to

8    you to the facts as you find them, whether you agree with the law or not.  You must

9    decide the case solely on the evidence and the law.  You will recall that you took an

10   oath promising to do so at the beginning of the case.  You should also not be influenced

11   by any person's race, color, religious beliefs, national ancestry, sexual orientation,

12   gender identity, gender, or economic circumstances.  Also, do not allow yourself to be

13   influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or

14   biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or

15   preferences that people may consciously reject but may be expressed without conscious

16   awareness, control, or intention.

17   You must follow all these instructions and not single out some and ignore others;

18   they are all important.  Please do not read into these instructions or into anything I may

19   have said or done as any suggestion as to what verdict you should return—that is a

20   matter entirely up to you.

21

22

23

24

25

26   Ninth Circuit Model Jury Instruction – 6.1 (2022 Edition - Revised May 2020)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 20

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 15

INSTRUCTION NO. _____

The indictment is not evidence.  Ms. Benson has pleaded not guilty to the charges.  Ms. Benson is presumed to be innocent unless and until the government proves her guilty beyond a reasonable doubt.  In addition, Ms. Benson does not have to testify or present any evidence.  She does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction – 6.2 (2022 Edition - Revised December 2017)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 21

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 16

INSTRUCTION NO. _____

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that Ms. Benson did not testify.

Ninth Circuit Model Jury Instruction – 6.3 (2022 Edition - Revised December 2017)

DEFENDANT'S REQUESTED INSTRUCTION NO. 17

INSTRUCTION NO. _____

Ms. Benson has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Jury Instruction – 6.4 (2022 Edition)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 23

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1

2

DEFENDANT'S REQUESTED INSTRUCTION NO. 18

INSTRUCTION NO. _____

3

4

5

You are here only to determine whether Ms. Benson is guilty or not guilty of the charges in the indictment.  Ms. Benson is not on trial for any conduct or offense not charged in the indictment.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Jury Instruction – 6.10 (2022 Edition - Revised December 2017)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 24

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S REQUESTED INSTRUCTION NO. 19

INSTRUCTION NO. _____

You have heard testimony that Ms. Benson made a statement.  It is for you to decide (1) whether she made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which she may have made it.

Ninth Circuit Model Jury Instruction – 3.1 (2022 Edition - Revised August 2023)

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 20

INSTRUCTION NO. ____

I instruct you that you must presume Ms. Benson to be innocent of the crimes charged. Thus, although accused of crimes in the indictment, she begins the trial with a "clean slate" – with no evidence against her. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Ms. Benson. The presumption of innocence alone, therefore, is sufficient to acquit her.

The burden is always upon the prosecution to prove guilt beyond all possible doubt. The test is one of reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Ms. Benson has committed each and every element of the offenses charged in the indictment, you must find her not guilty of the offenses. If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable and one of which points to the guilt of the defendant and the other to her innocence it is your

CODY BENSON'S PROPOSED JURY INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 26

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1  duty under the law to adopt the interpretation which will admit of her innocence and

2  reject that which points to her guilt.

13
14  1 Kevin F. O'Malley, *et al.*, FEDERAL JURY PRACTICE AND INSTRUCTIONS §
    12.10 (6th ed. 2008) (hesitate to act paragraph); *Ramirez v. Hatcher*, 136 F.3d 1209,
15  1213 (9th Cir.) ("[t]his circuit has endorsed a definition of reasonable doubt as the kind
    of doubt that would cause a reasonable person to hesitate to act (citation omitted), and
16  the Supreme Court has indicated that "the hesitate to act standard gives a common
    sense benchmark for just how substantial [a reasonable] doubt must be"" (quoting
17  *Victor v. Nebraska*, 511 U.S. 1, 20-21 (1994)); *United States v. Velasquez*, 980 F.2d
    1275, 1278 (9th Cir. 1992) (noting that "some Ninth Circuit opinions have expressed a
18  preference for the 'hesitate to act' language," though failure to use it not "necessarily"
    reversible error); *United States v. Nolasco*, 926 F.2d 869, 871 (9th Cir. 1991) ("We
19  have generally warned against significant departure from the 'hesitate to act' language,
    see *United States v. Robinson*, 546 F.2d 309, 313-14 (9th Cir.1976) , *cert. denied*, 430
20  U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977), although we have upheld the use of
    other definitions"); *Mullaney v. Wilbur*, 421 U.S. 684, 699-703 (1975) (burden cannot
21  shift); *In re Winship*, 397 U.S. 358, 365 (1970) (Government bears reasonable doubt
22  burden) United *States v. Zumpano*, 436 F.2d 535, 538 (9th Cir. 1970) (instruction to
    jury "If the evidence in this case is susceptible of two constructions or interpretations,
23  each of which appears to you to be reasonable and one of which points to the guilt of
    the defendant and the other to his innocence it is your duty under the law to adopt the
24  interpretation which will admit of the defendant's innocence and reject that which
25  points to his guilt.").

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 27

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 21

INSTRUCTION NO. _____

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

Ninth Circuit Model Jury Instruction – 6.6 (2022 Edition - Revised December 2017)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 28

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 22

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction – 6.7 (2022 Edition - Revised March 2018)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 29

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1    DEFENDANT'S REQUESTED INSTRUCTION NO. 23

2    INSTRUCTION NO. _____

3     In deciding the facts in this case, you may have to decide which testimony to

4    believe and which testimony not to believe.  You may believe everything a witness

5    says, or part of it, or none of it.

6     In considering the testimony of any witness, you may take into account the

7    following:

8

9     First, the opportunity and ability of the witness to see or hear or know the things

10    testified to;

11

12     Second, the witness's memory;

13

14     Third, the witness's manner while testifying;

15

16     Fourth, the witness's interest in the outcome of the case, if any;

17

18     Fifth, the witness's bias or prejudice, if any;

19

20     Sixth, whether other evidence contradicted the witness's testimony;

21

22     Seventh, the reasonableness of the witness's testimony in light of all the

23       evidence; and

24

25     Eighth, any other factors that bear on believability.

26

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 30

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1    Sometimes a witness may say something that is not consistent with something
2    else he or she said.  Sometimes different witnesses will give different versions of what
3    happened.  People often forget things or make mistakes in what they remember.  Also,
4    two people may see the same event but remember it differently.  You may consider
5    these differences, but do not decide that testimony is untrue just because it differs from
6    other testimony.

7    However, if you decide that a witness has deliberately testified untruthfully
8    about something important, you may choose not to believe anything that witness said.
9    On the other hand, if you think the witness testified untruthfully about some things but
10    told the truth about others, you may accept the part you think is true and ignore the rest.

11    The weight of the evidence as to a fact does not necessarily depend on the
12    number of witnesses who testify.  What is important is how believable the witnesses
13    were, and how much weight you think their testimony deserves.

26    Ninth Circuit Model Jury Instruction – 6.9 (2022 Edition - Revised December 2017)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 31

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1    DEFENDANT'S REQUESTED INSTRUCTION NO. 24

2    INSTRUCTION NO. _____

3    You are here only to determine whether Ms. Benson is guilty or not guilty of the

4    charges in the indictment.  Ms. Benson is not on trial for any conduct or offense not

5    charged in the indictment.

26    Ninth Circuit Model Jury Instruction – 6.10 (2022 Edition - Revised December 2017)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 32

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 25

INSTRUCTION NO. _____

Cody Benson is charged in the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For her to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Ms. Benson knowingly devised a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence a person to part with money or property;

The term "money or property," used in elements one and two, does not include maintaining employment or a salary and related compensation for employment.

Third, Ms. Benson acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, Ms. Benson used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It must have been reasonably foreseeable to Ms. Benson that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Ninth Circuit Model Jury Instruction – 15.35 (modified) (2022 Edition - Revised August 2023); *Skilling v. United States*, 561 U.S. 358 (2010); *United States v. Yates*, 16 F.4th 256 (9th Cir. 2021).

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 34

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DEFENDANT'S REQUESTED INSTRUCTION NO. 26

INSTRUCTION NO. _____

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 35

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1    deliberations, you should not hesitate to reexamine your own views and change your

2    opinion if you become persuaded that it is wrong.

26    Ninth Circuit Model Jury Instruction – 6.19 (2022 Edition - Revised May 2020)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 36

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1    DEFENDANT'S REQUESTED INSTRUCTION NO. 27

2    INSTRUCTION NO. _____

3    Because you must base your verdict only on the evidence received in the case

4    and on these instructions, I remind you that you must not be exposed to any other

5    information about the case or to the issues it involves.  Except for discussing the case

6    with your fellow jurors during your deliberations:

7

8    Do not communicate with anyone in any way and do not let anyone else

9    communicate with you in any way about the merits of the case or anything to do

10   with it.  This restriction includes discussing the case in person, in writing, by

11   phone, tablet, computer, or any other means, via email, text messaging, or any

12   Internet chat room, blog, website or any other forms of social media.  This

13   restriction applies to communicating with your family members, your employer,

14   the media or press, and the people involved in the trial.  If you are asked or

15   approached in any way about your jury service or anything about this case, you

16   must respond that you have been ordered not to discuss the matter and to report

17   the contact to the court.

18

19   Do not read, watch, or listen to any news or media accounts or commentary

20   about the case or anything to do with it; do not do any research, such as

21   consulting dictionaries, searching the Internet or using other reference materials;

22   and do not make any investigation or in any other way try to learn about the case

23   on your own.

24

25   The law requires these restrictions to ensure the parties have a fair trial based on

26   the same evidence that each party has had an opportunity to address.  A juror who

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 37

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Jury Instruction – 6.20 (2022 Edition - Revised December 2020)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 38

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1   DEFENDANT'S REQUESTED INSTRUCTION NO. 28

2   INSTRUCTION NO. _____

3   Some of you have taken notes during the trial.  Whether or not you took notes,

4   you should rely on your own memory of what was said.  Notes are only to assist your

5   memory.  You should not be overly influenced by your notes or those of your fellow

6   jurors.

26  Ninth Circuit Model Jury Instruction – 6.21 (2022 Edition)

1

2                DEFENDANT'S REQUESTED INSTRUCTION NO. 29

3                        INSTRUCTION NO. _____

4        A verdict form has been prepared for you.  [*Explain verdict form as needed.*]

5   After you have reached unanimous agreement on a verdict, your [presiding juror]

6   [foreperson] should complete the verdict form according to your deliberations, sign and

7   date it, and advise the clerk that you are ready to return to the courtroom.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   Ninth Circuit Model Jury Instruction – 6.23 (2022 Edition)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 40

1    DEFENDANT'S REQUESTED INSTRUCTION NO. 30

2    INSTRUCTION NO. ____

3         If it becomes necessary during your deliberations to communicate with me, you

4    may send a note through the clerk, signed by any one or more of you. No member of

5    the jury should ever attempt to communicate with me except by a signed writing, and I

6    will respond to the jury concerning the case only in writing or here in open court. If

7    you send out a question, I will consult with the lawyers before answering it, which may

8    take some time. You may continue your deliberations while waiting for the answer to

9    any question. Remember that you are not to tell anyone—including me—how the jury

10   stands, numerically or otherwise, on any question submitted to you, including the

11   question of Ms. Benson's guilt, until after you have reached a unanimous verdict or

12   have been discharged.

26   Ninth Circuit Model Jury Instruction – 6.24 (2022 Edition)

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 41

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1    DATED this 26th day of December, 2023.

2                                   Respectfully submitted,

3                                   s/ *Colin Fieman*
4                                   s/ *Mukund Rathi*
                                    Attorneys for Cody Benson
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CODY BENSON'S PROPOSED JURY
INSTRUCTIONS
(*United States v. Benson*, No. CR21-5222BHS) 42

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**